**LOCAL FORM 3015.1**

# United States Bankruptcy Court
### Eastern District of Tennessee

| | | | |
|---|---|---|---|
| In re | **William E Shetters** | Case No. | |
| | **Crystal L Shetters** | | |
| | Debtor(s) | Chapter | **13** |

### CHAPTER 13 PLAN

☑ *Original* ☐ *Amended*
*Dated:*    __**August 11, 2017**__

**1. Payments and Term.**
The debtor will pay the chapter 13 trustee $__600.00  Monthly__ by __**direct pay**__ and the following additional monies: __NONE__ .

**2. Priority Claims (including administrative expenses).**
(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of $__2,500.00__, less $__15.00__ previously paid by the debtor.
(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance the filed claim.

**3. Secured Claims.**
(a) *Cramdowns*. The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee at the value of the security, capped by the filed claim, in the manner specified below; the trustee may increase payments to secured creditors to ensure amortization during the pendency of the confirmed plan. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| Creditor | Collateral | Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| **Badcock Home Furniture & More** | **Television and Bed** Claim Amount: $1,500.00 | **$1,500.00** | **$30.41** | **8%** |
| **The Money Tree** | **2008 Ford Escape 181,830 miles** Claim Amount: $5,820.00 | **$5,820.00** | **$118.01** | **8%** |
| **Onemain Financial** | **2006 Dodge Caravan 130,000 miles** Claim Amount: $14,377.00 | **$14,377.00** | **$291.51** | **8%** |

(b) *Surrender*. The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim which will be paid as unsecured under paragraph 4(a) below.

| Creditor | Collateral to Be Surrendered |
|---|---|
| **-NONE-** | |

(c) *Long-Term Mortgages and Mobile Homes.* The holders of the following claims will retain their liens and will be paid monthly maintenance payments, which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount of the filed claim, absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C. §1322(b)(5) will be paid and adjusted in accordance with the filed claim and any subsequent notice of mortgage payment, absent any objection.. Amounts claimed pursuant to notice(s) of post-petition fees and expenses will be paid, unless and until an objection is filed thereto, with the first available funds. The filing of the notice of mortgage payment change or notice of post-petition fees or expenses shall be considered notice to the parties in interest of such plan payment change or increased amount of secured debt; no further notice or filing is required by the trustee or debtor. The secured creditor must be advised of the need for monthly change promptly and in accordance with Fed. R. Bankr. P. 3002.1. Pursuant to 11 U.S.C. §1322(b)(3) and (10) all maintenance payments shall be deemed current upon the conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue on any secured claim which is maintained in the plan or during the case pursuant to 11 U.S.C. §1322(b)(5). Pursuant to 11 U.S.C. §1322(b)(3), any secured creditor that fails to file a claim waives any default or charges resulting from non-payment. Increases in the monthly maintenance payments during the life of the plan will be paid by the indicated payer. All long term debts will be deemed current and no loan amount will be deemed in arrears as of the date of discharge or completion of the plan.

| Creditor | Estimated Arrearage | Arrearage Interest Rate | Arrearage Monthly Payment | Maintenance Payment | Payment By: (Trustee or Debtor) |
|---|---|---|---|---|---|
| **Vanderbilt Mortgage** | **$0.00** | **0%** | **$0.00** | **$485.00** | **Debtors** |

(d) *De Novo Review*. Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. Unsecured Claims.**

(a) *Nonpriority*. Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid:   **Pro Rata**   %.

(b) *Post-petition*. Claims allowed under 11 U.S.C. § 1305 will be paid as ordered by the court.

**5. Executory Contracts and Unexpired Leases.**  Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

*Other Party to Contract*

*Property Description and Treatment by Debtor*

**-NONE-**

**6. Special Provisions.** (such as cosigned debts, debts paid by third party, student loans, special priority debts)

---
**/s/ Robert S. Peters**
**Robert S. Peters #03630**
**120 N. Jefferson Street**
**Winchester, TN 37398**
**(931) 967-3888**
**#03630**

---
**/s/ William E Shetters**
**William E Shetters**
Signature of Debtor

---
**/s/ Crystal L Shetters**
**Crystal L Shetters**
Signature of Debtor